# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs May 18, 2010

## TIMOTHY WEBBER v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2007-A-541     J. Randall Wyatt, Jr., Judge**

---

**No. M2009-01905-CCA-R3-PC - Filed June 14, 2010**

---

In January 2007, the Davidson County Grand Jury indicted Petitioner, Timothy Webber, for one count of second degree murder and one count of aggravated assault in connection with the death of a homeless woman and the beating of a man. On October 22, 2007, Petitioner pled guilty to second degree murder. As part of his plea agreement, Petitioner was sentenced to seventeen years to be served at 100%. Petitioner subsequently filed a petition for post-conviction relief alleging that he was afforded ineffective assistance of counsel because counsel did not explain to Petitioner that he was pleading guilty to a "knowing killing." In addition, Petitioner alleged that because he was afforded ineffective assistance of counsel, his plea was not entered knowingly, voluntarily, and intelligently. The post-conviction court held an evidentiary hearing on the issues. In a written order, the post-conviction court denied the petition. Petitioner appealed to this Court. After a thorough review of the record, we conclude that trial counsel and the trial court explained to Petitioner that he was pleading guilty to a knowing killing and that Petitioner understood that fact. Therefore, he was not afforded ineffective assistance of counsel and his plea was entered knowingly, voluntarily, and intelligently. We affirm the post-conviction court's denial of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES, and ROBERT W. WEDEMEYER, JJ., JOINED.

Richard D. Dumas, Jr., for the appellant, Timothy Webber.

Robert E. Cooper, Jr., Attorney General and Reporter, Rachel West Harmon, Assistant Attorney General; Victor S. Johnson, District Attorney General, and Ben Ford, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual Background*

At Petitioner's guilty plea hearing, the State recited the following underlying facts:

August 11th, 2006, right around the turn of the next day, four men from Lebanon, Tennessee, decide to come to Nashville, Tennessee. Among them being [Petitioner] and Mr. Josh Dotts. [Petitioner] makes a statement that he wanted to beat up homeless people. When they get here [Petitioner] and Mr. Dotts separate from the group. And [Petitioner] assaults two people. Later that morning around three in the morning he goes down to Riverfront Park, here in Davidson County, where they sit on a railing and they see a person sleeping. That person was Tara Poole[1] and her parents Dewitt Poole and Pearl Poole. He said to Mr. Dotts, I dare you to push her in. Mr. Dotts said, I dare you to push her in. [Petitioner] then jumped off of the railing and pushed Tara Poole into the river where she drowned.

In its January 2007 term, the Davidson County Grand Jury indicted Petitioner for one count of second degree murder and one count of aggravated assault. On October 22, 2007, Petitioner entered a guilty plea to one count of second degree murder. As part of the guilty plea, Petitioner agreed to a sentence of seventeen years to be served at 100%. The judgment was entered on October 22, 2007.

On October 21, 2008, Petitioner filed a pro se petition for post-conviction relief alleging ineffective assistance of counsel and that his guilty plea was entered involuntarily, unknowingly and unintelligently. Subsequently, counsel was appointed and an amended petition was filed alleging the same grounds.

The post-conviction court held an evidentiary hearing on July 23 and 24, 2009. Petitioner was the first witness at the hearing. Petitioner agreed that throughout the time leading up to his guilty plea, he acknowledged that he committed the act, but asserted that he did not knowingly commit the act. He maintained that the offense was a "bad prank." Petitioner stated that his trial counsel did not inform him that he was pleading guilty to "knowingly" killing the victim. Petitioner stated that if he had known that he was pleading guilty to the knowing killing of the victim, he would not have pled guilty.

---

[1] In the indictment and throughout the post-conviction evidentiary hearing, the victim is identified as Tara Cole.

Petitioner also denied that his trial counsel ever went over the second degree murder statute or informed him that the elements of the offense required the knowing killing of another. Petitioner also denied that he was told that second degree murder was the knowing killing of another. On cross-examination, when presented with the transcript of his guilty plea, Petitioner admitted that the trial judge recited the following, "Do you understand that second degree murder is a charge where someone is charged, with you in this with, initially, intentionally and knowingly killing another human being?" However, Petitioner continued to deny that he knew that second degree murder was the knowing killing of another.

Second chair trial counsel also testified at trial. He testified that the trial strategy was to show that the murder was a reckless homicide as opposed to a second degree murder. The intent was to prove that Petitioner had a "conscious disregard for another person's safety" instead of committing a knowing killing. Trial counsel testified regarding a system in place at the public defender's office in which attorneys keep notes on the cases on which they work. In these notes, first chair trial counsel indicated that he discussed the elements of second degree murder with Petitioner and that Petitioner understood them. Second chair trial counsel also met with Petitioner. In one discussion, trial counsel informed Petitioner that they believed that going to trial and potentially being found guilty of reckless homicide outweighed the danger of conviction of second degree murder. However, trial counsel left it up to Petitioner because they believed it was a client decision. Second chair trial counsel's notes also indicate that they reviewed the difference between the elements for reckless homicide and second degree murder. In other words, trial counsel explained that second degree murder requires a knowing killing of another.

First chair trial counsel also testified. He specifically stated that when he represented Petitioner he discussed the elements of second degree murder with him. He explained that the crux of the case was Petitioner's intent. First chair trial counsel believed that the facts fit a conviction of reckless homicide. First chair trial counsel stated that they discussed the plea offers. At one point, both second chair and first chair trial counsel asked Petitioner to think about the offer because they both believed it was too high. The next morning Petitioner informed both trial counsel he wanted to accept the plea. First chair trial counsel stated that once Petitioner was informed and understood his case, it was up to Petitioner to make the decision. When Petitioner decided to accept the second degree murder offer, first chair trial counsel definitely explained the elements of second degree murder and reckless homicide. The morning of the plea hearing, first chair trial counsel went over the plea petition with Petitioner. First chair trial counsel stated that he never had any doubt that Petitioner wanted to accept the plea.

On August 13, 2009, the post-conviction court filed an order denying Petitioner's petition for post-conviction relief. The order stated in part:

The Court finds, based on the evidence presented during the hearing, that both [second chair trial counsel] and [first chair trial counsel] explained the elements of Second Degree Murder to the [Petitioner] during at least two pretrial meetings and that the mens rea of this offense was the sole defense that the [Petitioner's] counsel intended to use at trial. The Court therefore finds that the likelihood that the counsel failed to explain the elements of Second Degree Murder to the [Petitioner] is very low. The Court also finds that [Petitioner's] counsel did not, in fact, advise the [Petitioner] to accept the plea but advised him to reject the plea and go to trial. The Court finds that [second chair trial counsel] and [first chair trial counsel] fully advised the [Petitioner] of the mens rea element of the charge he pled guilty to and that their actions do not fall below the range of competence of an attorney in a criminal case.

The Court also finds that the [Petitioner] was effectively advised of the elements of Second Degree Murder by the Court itself during his plea colloquy. The Court finds that the [Petitioner] was asked by the Court if he was pleading guilty to "the intentional and knowing killing of another human being", to which he replied "[y]es, sir". The Court also finds that acknowledgment that the [Petitioner] understood the statutory elements of his charged offense was a part of his plea petition and that he knowingly and voluntarily signed his plea petition. The Court therefore finds that, even if [Petitioner's] counsel failed in their duties to adequately inform him of the knowing element of Second Degree Murder, the Court informed him of this element immediately before his plea, thereby allowing the [Petitioner] to plead guilty knowingly and voluntarily.

Petitioner filed a timely notice of appeal to this Court.

## ANALYSIS

On appeal, Petitioner argues that he was afforded ineffective assistance of counsel because trial counsel did not explain that second degree murder involves a "knowing killing" and that he did not know he was pleading guilty to a knowing killing. He argues that because he was afforded ineffective assistance of counsel his plea was entered unknowingly and involuntarily. The State argues that the post-conviction court's denial of the petition was correct.

-4-

The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. *See State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). During our review of the issue raised, we will afford those findings of fact the weight of a jury verdict, and this Court is bound by the court's findings unless the evidence in the record preponderates against those findings. *See Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *Alley v. State*, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This Court may not reweigh or re-evaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. *See State v. Honeycutt*, 54 S.W.3d 762, 766 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely de novo standard with no presumption of correctness. *See Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing that (a) the services rendered by trial counsel were deficient and (b) that the deficient performance was prejudicial. *See Powers v. State*, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996). In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley*, 960 S.W.2d at 580.

As noted above, this Court will afford the post-conviction court's factual findings a presumption of correctness, rendering them conclusive on appeal unless the record preponderates against the court's findings. *See id.* at 578. However, our supreme court has "determined that issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact . . . ; thus, [appellate] review of [these issues] is de novo" with no presumption of correctness. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999).

Furthermore, on claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight. *See Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). This Court may not second-guess a reasonably-based trial strategy, and we cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of the proceedings. *See id.* However, such deference to the tactical decisions of counsel applies only if counsel makes those decisions after adequate preparation for the case. *See Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Once a guilty plea has been entered, effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea. In this respect, such claims of ineffective

assistance necessarily implicate the principle that guilty pleas be voluntarily and intelligently made. *See Hill v. Lockhart*, 474 U.S. 52, 56, 106 S. Ct. 366 (1985) (citing *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S. Ct. 160 (1970)). As stated above, in order to successfully challenge the effectiveness of counsel, the petitioner must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *See Baxter*, 523 S.W.2d at 936. Under *Strickland v. Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052 (1984), the petitioner must establish: (1) deficient representation; and (2) prejudice resulting from the deficiency. However, in the context of a guilty plea, to satisfy the second prong of *Strickland*, the petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59; *see also Walton v. State*, 966 S.W.2d 54, 55 (Tenn. Crim. App. 1997).

When analyzing a guilty plea, we look to the federal standard announced in *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709 (1969), and the State standard set out in *State v. Mackey*, 553 S.W.2d 337 (Tenn. 1977). *State v. Pettus*, 986 S.W.2d 540, 542 (Tenn. 1999). In *Boykin*, the United States Supreme Court held that there must be an affirmative showing in the trial court that a guilty plea was voluntarily and knowingly given before it can be accepted. *Boykin*, 395 U.S. at 242. Similarly, our Tennessee Supreme Court in *Mackey* required an affirmative showing of a voluntary and knowledgeable guilty plea, namely, that the defendant has been made aware of the significant consequences of such a plea. *Pettus*, 986 S.W.2d at 542.

A plea is not "voluntary" if it results from ignorance, misunderstanding, coercion, inducements, or threats. *Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993). The trial court must determine if the guilty plea is "knowing" by questioning the defendant to make sure he fully understands the plea and its consequences. *Pettus*, 986 S.W.2d at 542; *Blankenship*, 858 S.W.2d at 904.

As stated above, the post-conviction court's finding are conclusive on appeal unless the evidence preponderates otherwise. We have reviewed the record in this case and conclude that the evidence amply supports the findings of the post-conviction court. The evidence at the hearing showed that both first chair and second chair trial counsel explained that second degree murder involved a knowing killing. Both trial counsel testified that they explained the difference between the intent necessary for the elements of second degree murder as opposed to reckless homicide. Although Petitioner testified to the contrary, it is clear that the post-conviction court did not find Petitioner credible. The post-conviction court clearly found trial counsel's testimony credible. "[Q]uestions of credibility of the witnesses, the weight and value of the evidence, and resolution of conflicts in the evidence are matters entrusted to the trial judge as the trier of fact," and the post-conviction court's

credibility determinations are conclusive on appeal unless the evidence preponderates against them. *State v. Odom*, 928 S.W.2d 18, 23 (Tenn. 1996). We find no evidence to preponderate against the findings of the trial court.

We conclude that trial counsel's representation was not deficient. Even if Petitioner had proven that trial counsel was ineffective, he has not proven that he would not have pled guilty. In fact, both first chair and second chair trial counsel stated that they advised him not to plead guilty. The evidence showed that Petitioner pled guilty against the advice of his attorneys.

The transcript of the plea colloquy showed that the trial court fully questioned Petitioner and met all the requirements for proper entry of a guilty plea. In addition, the trial court questioned Petitioner regarding the knowing element of second degree murder and Petitioner indicated that he understood the element.

It is clear from the evidence at the post-conviction hearing that Petitioner was afforded effective assistance of counsel and that he entered his plea knowingly and voluntarily.

## **CONCLUSION**

For the foregoing reasons, we affirm the post-conviction court's denial of the petition for post-conviction relief.

_____
JERRY L. SMITH, JUDGE

-7-